UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MARYLAND

REGINALD L. ROBINSON
6236 TARGON COURT
FT. WASHINGTON, MD 20744

   Plaintiff,

   Vs.

DAVID C. GARDNER, ESQUIRE
LAW OFFICES OF DAVID C. GARDNER
600 JEFFERSON PLAZA, SUITE #308
ROCKVILLE, MD 20852

   Defendant.

## COMPLAINT

**COMES NOW** Complainant, Reginald L. Robinson ("Robinson") and for his Complaint against David C. Gardner, Esquire ("Gardner") and the LAW OFFICES OF DAVID C. GARDNER and respectfully states as follows:

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 USC § 1692; and the Maryland Consumer Protection Act, Md. Ann. Code, Comm. Law § 13-301 and § 13-408 and the Maryland Debt Collection Act, Md. Ann. Code, Comm. Law § 14-202 and § 14-203.

2. Plaintiff is an adult resident in the State of Maryland residing therein at 6236 Targon Court, Ft. Washington, MD 20744-3131 which is located

in Ft. Washington, Prince George's County, Maryland. Plaintiff is a consumer within the FDCPA.

3. Gardner is an adult citizen and resident of the State of Maryland, a licensed member in good standing of the bar of the Court of Appeals of Maryland, and a "collection agent" under a license issued by the Maryland Department of labor and is a debt collector within the FDCPA.

## Jurisdiction and Venue

4. The Court has jurisdiction over all of the claims set forth herein pursuant to the provisions of Fair Debt Collection Practices Act, 15 USC § 1692K, and 28 USC § 1331 and 1367 and Maryland Consumer Protection Act, Md. Ann. Code, Comm. Law § 13-407 and § 13-408 and the Maryland Debt Collection Act, § 14-202 and § 14-203.

5. Venue properly lies in this Court because parties reside in Prince George's County or conducted business therein.

## COUNT ONE

6. Plaintiff incorporates into this paragraph all of the facts alleged in paragraphs 1-5 above, with the same force and effect as if repeated and re-alleged herein.

DUNBAR & RAVERY
Attorneys at Law
5636 ANNAPOLIS ROAD
BLADENSBURG, MD 20710
(301) 779-9030

7. On or about July 1, 2009, in violation of FDCPA, 15 USC § 1692e(2)(A) and 15 USC § 1692g(a) and/or the Maryland Consumer Protection Act; Md. Ann. Code, Comm. Law § 13-301, § 13-303, § 13-408 and § 14-202(3) and (4); Defendant acting as a Debt Collector use false and misleading statements regarding the amount owed to the judgment holder in the initial demand letter stating the plaintiff had fifteen days to pay the false represented amount.

8. The defendant failed to disclose in an initial written communication that the debt collector was attempting to collect a debt and that any information obtained will be used for that purpose.

9. The defendant failed to properly advise the Plaintiff of the validation rights that he had pursuant to the aforementioned statute(s).

10. The defendant has failed to advise the Plaintiff, in the initial demand letter, that he had any federal rights as required by the aforementioned statues.

11. The Defendant's attempt to collect the debt as alleged herein was unlawful.

12. As a direct and proximate result of the Defendant's unlawful attempted to collect the allege debt has suffered damages.

## COUNT TWO

DUNBAR & RAVERY
Attorneys at Law
5636 ANNAPOLIS ROAD
BLADENSBURG, MD 20710
(301) 779-9030

13. Plaintiff incorporates into this paragraph all the facts alleged in paragraphs 1-12 above, with the same force and effects as if repeated and re-alleged herein.

14. On or about July 27, 2009, in violation of FDCPA, 15 USC § 1692e(2)(A) 15 USC § 1692g(a) 15 USC § 1692h and/or the Maryland Consumer Protection Act; Md. Ann. Code, Comm. Law § 13-301, § 13-303, § 13-408 and § 14-202(3) and (4); Defendant acting as a debt collection agent sent the Plaintiff a collection letter with an attached separate piece of paper which included an itemization of newly allege debts.

15. The Defendant, in this initial communication of alleged new debts failed to advise the Plaintiff that he had federal rights as required by the aforementioned statue(s).

16. On August 11, 2009, the plaintiff sent a request for validation to the defendant and he failed to properly and correctly validate this disputed debt yet took affirmative action to continue to collect this debt without sending the plaintiff a validation notice in violation of the aforementioned statues by stating that "in order to avoid supplemental proceedings being filed against you in the District Court for Prince George's County".

DUNBAR & RAVERY
ATTORNEYS AT LAW
5636 ANNAPOLIS ROAD
BLADENSBURG, MD 20710
(301) 779-9030

17. The Defendant is in violation of the FDCPA attempted to collect allege debts in the form of a $15.00 late fee which is not owed by the Plaintiff.

18. The Defendant failed to disclose in the initial written communications that the debt collector was attempting to collect a debt and that any information obtained will be used for that purpose.

19. The Defendant's attempt to collect the debt alleged herein was unlawful.

20. As a direct and proximate result of the Defendant's unlawful attempt to collect the allege debt has suffered damages.

### COUNT THREE

21. Plaintiff incorporates into this paragraph all of the facts in paragraphs 1-20 above, with the same force and effect as if repeated and re-alleged herein.

22. On or about August 3, 2009, in violation of FDCPA, 15 USC § 1692e(2)(A) 15 USC§ 1692g(a); 15 USC § 1692h and/or the Maryland Consumer Protection Act; Md. Ann. Code. Comm. Law § 13-301, § 13-303, § 13-408 and § 14-202(3) and (4); Defendant acting as debt collection agent sent the Plaintiff collection letter which fail to advise that he had federal rights as required by the aforementioned statue(s).

DUNBAR & RAVERY
Attorneys at Law
5636 Annapolis Road
Bladensburg, MD 20710
(301) 779-9030

23. The Defendant made continued collection efforts within this letter without first verifying the alleged debt by falsely claiming to have validated the alleged and not stating the actual amount of debt owed by the Plaintiff.

24. The Defendant in violation of the FDCPA applied payments to other debts rather than to the debts specified by the Plaintiff and meant to be applied to the said judgment.

25. The defendant fail to disclose in the initial written communication that the debt collector was attempting to collect a debt and any information obtained will be used for that purpose.

26. The Defendant's attempt to collect the debt as alleged herein was unlawful.

27. As a direct and proximate result of the Defendant's unlawful attempt to collect the alleged debt has suffered damages.

**Wherefore,** Plaintiff, Reginald Robinson respectfully requests this court to:

1. Award such damages as are permitted by law both compensatory and punitive, including $1,000.00 statutory damages for each communication     against Defendant David C. Gardner and the Law Offices of David C. Gardner;

DUNBAR & RAVERY
Attorneys at Law
5636 ANNAPOLIS ROAD
BLADENSBURG, MD 20710
(301) 779-9030

2. Award the Plaintiff cost of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief and such other and further relief as the nature of this case may require.

Respectfully submitted,

*Tilman Dunbar Jr.*

Tilman Dunbar Jr., Esquire
5636 Annapolis Road
Bladensburg, Maryland  20710
(301) 779-9030